THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANTON NOWAK, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May* 18, 1889.

1. *Criminal Law. Excise. Evidence not returned.*—It must be assumed, where no evidence is returned, that sufficient evidence was given to support the verdict of the jury, based upon a charge of selling intoxicating liquors on Sunday.

2. *Same. Insufficient affidavit.*—An affidavit taken before a notary public to the effect that the affiant had bought liquor of the defendant at his saloon on one Sunday, in the month of May, 1888, is a nullity as a deposition of a witness preliminary to, and entirely insufficient to authorize a warrant.

3. *Same.*—An affidavit, which does not set forth a particular crime, but makes a general charge of guilt and states no facts showing a criminal offense, is a sufficient basis for an examination of the complainant and his witnesses, but not for the issuance of a warrant.

An appeal in this case was taken from the conviction and judgment of the court of special sessions to the court of sessions, which court affirmed said conviction and judgment, and from said affirmance the defendant appealed.

*W. M. Smith*, District Attorney, for respondent.

*A. Heyman*, for appellant.

BARNARD, P. J.—There is no evidence returned in this case, and it must, therefore, be assumed that sufficient evidence was given to support the verdict of the jury, based upon a charge of selling intoxicating liquors on Sunday. The return shows that the warrant was issued on the 15th of September, 1888; it was made returnable on the 21st of September, 1888. The accused then asked for the informer, and was shown an affidavit, made by one John Seaman, before a notary public of Suffolk county, that "he had bought liquor of him (defendant) at his saloon on one Sunday, in the month of May, 1888." The defendant made a motion to discharge the arrest, because this affidavit was insufficient under sections 145, 146, 147 and 148, Code of Criminal Procedure. This motion should have been granted, as this paper is entirely insufficient to authorize a warrant. The return shows that there was another paper, of which the defendant was entirely ignorant, when the motion to discharge was made.

There was an affidavit of one George W. Jeffrey, that defendant, on the 20th day of May, 1888, and on divers Sundays since that date, has sold and given away intoxicating liquors. This affidavit was not prepared by the justice, and is, in no sense, on its face, a statement of facts, which proved it was the duty of the justice to take an examination. Section 148, Criminal Code.

The deposition must tend to establish the commission of the crime, and it must state the particulars of a specific offense, and it is only when the magistrate is "satisfied therefrom that the crime complained of has been committed," and that there is reasonable ground to believe that the defendant committed it, that he must issue the warrant. The affidavit of Seaman is a nullity as a deposition of a

witness preliminary to a warrant. The affidavit of Jeffrey, does not pretend to set forth a particular crime. A general charge of guilt is made, but no facts showing a criminal offense are stated. It was a sufficient basis for an examination of the complainant and of his witnesses; none was offered or taken.

The justice was, therefore, without jurisdiction, and the judgment of the justice, and of the county court affirming the same, should be reversed.

All concur.