UNITED STATES v. BAUMERT et al.

(District Court, N. D. New York. May 23, 1910.)

1. CRIMINAL LAW (§ 211*)—PRELIMINARY WARRANT—FOUNDATION.

Under Const. U. S. Amend. 4, providing that no warrant shall issue but on probable cause supported by oath or affirmation, a federal court has no jurisdiction to direct the issuance of a warrant on an information made on the information and belief of the United States district attorney alone; but it must be supported by proof establishing probable cause, to wit, legal evidence that a crime has been committed and that there is probable cause and belief that the accused is guilty of the commission thereof.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 420–430; Dec. Dig. § 211.*]

2. INDICTMENT AND INFORMATION (§ 36*)—STATUTES.

Rev. St. § 1014 (U. S. Comp. St. 1901, p. 716), providing that for any crime or offense against the United States the offender may, by any judge or justice of the United States, or by any commissioner of a Circuit Court to take bail, or by any chancellor or judge of a Supreme or superior court, chief or first judge of common pleas, mayor or other magistrate of the state, where he may be found and agreeable to the usual mode of process against the offender of the state or the offender of the United States, be imprisoned or bailed as the case may be, and providing for the return of process for the recognizance of witnesses, etc., relates to preliminary examinations and has no application to prosecutions by information.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 36.*]

3. INDICTMENT AND INFORMATION (§ 9*)—NECESSITY OF COMPLAINT.

An indictment may be found and presented by a grand jury without a preliminary formal complaint or prior arrest.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 9.*]

4. INDICTMENT AND INFORMATION (§ 3*)—INFORMATION BY UNITED STATES ATTORNEY—MISDEMEANORS.

A prosecution for an offense not punishable by imprisonment in a penitentiary or state's prison may be instituted by the United States attorney by the filing of an information supported by oath or affirmation and showing probable cause.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 9–23; Dec. Dig. § 3.*]

5. CRIMINAL LAW (§ 211*)—INFORMATION—EVIDENCE "SUPPORTED BY OATH OR AFFIRMATION.

Rev. St. § 1022 (U. S. Comp. St. 1901, p. 720), provides that certain offenses may be prosecuted either by indictment or information filed by the district attorney, and Const. Amend. 4, declares that no warrant shall be issued but on probable cause supported by oath or affirmation. *Held*, that the constitutional provision does not require that the oaths or affirmations of the supporting witnesses be taken in open court or before the judge issuing the warrant or directing its issuance, but that the information is so supported where it is accompanied by the evidence of witnesses sworn before a United States commissioner on a preliminary examination, properly taken and certified, or when accompanied by the affidavits made on oath of witness sworn before any officer authorized by law to take and subscribe such oaths or affirmations.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 420–430; Dec. Dig. § 211.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**6.** CRIMINAL LAW (§ 211*)—SUPPORTING AFFIDAVITS—INSUFFICIENCY.

An information for violating the pure food law was sworn to on information and belief by the United States district attorney supported by certain letters purporting, but not proved, to have been written or authorized by accused taking issue with the Agricultural Department's claim of violation; also a statement not in the form of an affidavit, by an analyst of the Agricultural Department, to which was attached a notary's certificate that it had been subscribed and sworn to, etc. The paper contained no venue, nor was there any certificate attached to it showing that the person certifying it was a notary or authorized to take and certify oaths and affirmations, and that it was taken and subscribed as required by the laws of the state, etc. *Held*, that the information was not sufficiently proved to justify the issuance of process.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 420–430; Dec. Dig. § 211.*]

Information for violation of the pure food and drug law of the United States by George B. Curtiss, District Attorney, against Frank J. Baumert and others. On motion for process. Denied.

George B. Curtiss, U. S. Atty., for the application.

RAY, District Judge. The information, as to all material allegations, is made on information and belief, and charges the shipping, etc., in interstate commerce between Antwerp, N. Y., and points in the state of Pennsylvania, of misbranded cheese, in violation of the so-called "Pure Food and Drug Law" (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1909, p. 1187]).

Annexed to the information which is verified by the oath of Geo. B. Curtiss, United States attorney for the Northern district of New York, to the effect that the allegations are true except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true, are: (1) Letter of Wade H. Ellis, Acting Attorney General of the United States, inclosing "copy of report and other documents transmitted to this department by the Secretary of Agriculture relative to the apparent violation of the food and drug act by F. X. Baumert & Co., New York, in the shipment of misbranded cheese from Antwerp, N. Y., to Detroit, Mich.," and directing that "immediate and proper action" be taken in the matter. Also, what purports to be a letter from F. Baumert & Co., under date of August 3, 1909, to the chief of the Food and Drug Inspection Laboratory, New York City, stating that the firm has been charged with making and selling a misbranded "Neufchatel cheese," but taking issue with and denying the charge as to misbranding, while admitting the firm made and sold the cheese of which the sample referred to was a part. There is no proof that the defendants, or the firm of which they are members, wrote or authorized this letter. Also, a statement signed by J. G. Riley, Analyst, United States Department of Agriculture, in which he says he has examined a sample of cheese labeled: "Crown Brand Neufchatel Cheese. Made in the state of New York from partly skimmed milk"—and which he believes to be the sample purchased from McCann & Co. at Pittsburgh, Pa., on or about June 25, 1909, by Inspector C. A. Meserve of the United States Department of

Agriculture and designated by him as "I. S. No. 26086–a"; and that he has made a careful analysis of same and found that "it is not Neufchatel cheese." This statement is not in the form of an affidavit, has no venue, but, after the signature of J. G. Riley, contains the following certificate, "Subscribed and sworn to before me at Washington, D. C., this 5th day of November, 1909." Signed: J. G. Shebley, Notary Public. The seal of the notary, bearing the words "J. G. Shebley, Notary Public," is attached. There is nothing to show that Shebley was a notary when he certified the paper, or that he was authorized to take affidavits or administer oaths in Washington, D. C. There is also attached a statement purporting to be that of McCann & Co. showing where that firm purchased the cheese, and what purports to be a letter of F. X. Baumert & Co., dated July 31, 1909, addressed to chief of the United States Food and Drug Inspection Laboratory, Pittsburgh, Pa., referring to the specimen "I. S. No. 26086–a," and admitting the making of the cheese from which that specimen came and the selling of same to McCann & Co., but asserting that such firm would present proof that the finding of the analyst of the department was an error. There is no proof or even affidavit that the letter was written by the firm or authorized by it. The information expressly states that these letters are the sole basis of the information and belief of the United States attorney.

But assuming that the letters show they were written by the defendants' firm, they do not admit any offense against the law, but deny. At most they admit the making and sale in interstate commerce of the cheese while denying that same offends against the law. They assert it was and is just what the brand says, domestic made Neufchatel cheese; that is "Crown Brand Domestic Neufchatel Cheese. Made in the state of New York from partly skimmed milk."

We have, then, as the only evidence (if it be evidence) of the commission of the offense charged in the information on information and belief, this statement of Analyst Riley verified as stated, who says the cheese "is not a Neufchatel cheese."

This paper is filed with and attached to the information. On this information, supported by these papers and others, now referred to, can this court issue process and cause the arrest of the defendants accused?

A supplemental information on information and belief has annexed the affidavits of James W. Chesewright, made at Pittsburgh, Pa., and that of Charles A. Meserve, made at the same place, the last being taken before a United States commissioner, showing the sale and purchase of the sample of cheese referred to. It raises the plain question whether an information made solely on information and belief and giving as the sources of such information certain letters and affidavits taken out of court and outside the jurisdiction of the court which are attached to and filed with the information, such affidavits tending to support the charge, is sufficient. There is no substantial doubt that offenses against this act may be prosecuted by information duly filed.

179 F.—47

It is clear that the court has no jurisdiction to direct the issuance of a warrant on an information filed, made on the information and belief of the United States attorney alone. It must be supported by proof establishing probable cause; that is, by legal evidence that a crime has been committed and that there is probable cause to believe the accused guilty of the commission thereof.

The Constitution of the United States (Amend. 4) has wisely provided that:

"No warrant shall issue but upon probable cause supported by oath or affirmation."

However convenient and inexpensive it might be to ignore this provision of the Constitution, a due regard for the rights of the citizen and the danger of gross abuses of the old system which had its basis in the now exploded idea that the king—that is the government—can do no wrong, led to the adoption of this amendment to the Constitution. But it may be and is contended that this provision is complied with when an information setting forth on information and belief the facts claimed to exist is filed accompanied by the mere affidavits of third persons cognizant of the facts, taken out of court by any officer authorized by law to take and certify affidavits; that in such case the information is supported "by oath or affirmation"; and that it is not necessary that the evidence be given in court or before the officer issuing or directing the issuance of the warrant. In short, the contention is that affidavits taken in various states, judicial districts, and jurisdictions before United States commissioners, notary publics, and judges, may be filed with the information made solely on information and belief, and that the charge made in the information is then supported "by oath or affirmation." If this construction is to prevail, this information is sufficient, provided a mere signed statement with a certificate attached signed by some commissioner, notary, or judge, that it was sworn to on a certain day at a certain place, constitutes a legal affidavit.

Hughes, Federal Procedure, p. 43, says:

"A complaint to justify an information must show personal knowledge and probable cause."

On this point the author sites Johnston v. U. S., 87 Fed. 187, 30 C. C. A. 612; U. S. v. Tureaud (C. C.) 20 Fed. 621. The Johnston Case is not in point here, as there the affidavit of Dudley in support of the information, which was signed but not verified by the United States attorney, so far as appears, was taken before the judge of the District Court who issued the warrant. The affidavit stated conclusions merely and not facts. The court said:

"The affidavit on which the information was based was wholly insufficient to warrant the arrest and trial of the plaintiff in error, and is altogether too general in terms as to the offense against the United States said to have been committed, and it shows no knowledge, information, or even belief on the part of the affiant as to the guilt of the party charged beyond the bare statement that 'there is probable cause to believe that the said offense has been committed by P. T. Johnston.' However false the affidavit may be, it would be next to impossible to assign and prove perjury on it."

While the case speaks of affidavits as the foundation of an information, it is silent on the question whether they must be taken before the court or judge issuing the warrant. United States v. Tureaud (C. C.) 20 Fed. 621, is in point on the question that an information on information and belief and supported by an affidavit or affidavits made on information and belief is sufficient, but is not in point on the question whether or not the affidavits must be taken before the judge or court granting the warrant, except as we might infer that an affidavit taken before a United States commissioner will be deemed sufficient. In that case the affidavit in support of the information was taken before a United States commissioner and not the judge; but the point was not raised, so far as appears, that it should have been taken by the judge holding the court, or directing the issuance of the warrant. In that case the court said:

"The procedure by information, therefore, after it was acted upon by this amendment, lost its prerogative function or quality. It could not thereafter be the vehicle of preferring any arbitrary accusation—not by the king, because we have in the department of criminal law no successor to him, so far as he represented a right to institute, if it pleased him, unsupported incriminations; nor by the district attorney, nor by any other officer of the United States, for the Constitution has said, in effect, that in no way nor manner shall magistrates or courts issue warrants, except upon proofs, which are to be upon oath and make probable excuse. See State v. Mitchell, 1 Bay [S. C.] 267, and 1 Op. Attys. Gen. 229, where Mr. Attorney General Wirt holds that even the president is controlled by this amendment. All arbitrary information, all informations which spring into existence simply because the king and his attorney elected to present them, indeed all informations, except those supported by proof upon oath, which constitute probable cause, by this constitutional provision were expunged from permissible procedures, and the learning about informations was left valuable only as showing what proofs were considered adequate in cases where proofs had to be presented in order to have them acted upon by the judicial discretion or mind.

"The master of the crown, whose duties with regard to informations to be sustained by proofs correspond with the district attorneys' of the United States in the courts of the Union, was required to produce to the court 'such legal evidence of the offense having been committed by the defendant as would warrant a grand jury in finding a true bill against the defendant, otherwise he will be left to his ordinary remedy by action or indictment.' Cole, Crim. Inf. marginal paging 15, 54 vol. Law Library. This is the measure of proof which is held to be requisite by the courts of the United States under the fourth amendment. See Ex parte Burford, 1 Cranch, C. C. 276 [Fed. Cas. No. 2,148]. Cranch, J., whose dissenting opinion was adopted by the Supreme Court, said: 'It (the warrant) ought to have stated the names of the persons on whose testimony it was granted, and the nature of the testimony, so that this court may know what kind of ill fame it was, and whether the justices have exercised their discretion properly.' When the case reached the Supreme Court (3 Cranch, 453 [2 L. Ed. 495]), 'the judges of that court were unanimously of opinion that the warrant of commitment was illegal for want of stating some good cause certain, supported by affidavit.'"

In the matter of a Rule, etc., as to Informations, 3 Woods, 503, Fed. Cas. No. 12,126, Bradley, C. J., held that informations on information and belief were insufficient to justify the issuance of a warrant, and also said:

"It is plain from this fundamental enunciation, as well as from the books of authority on criminal matters in the common law, that the probable cause

referred to, and which must be supported by oath or affirmation, must be submitted to the committing magistrate himself, and not merely to an official accuser, so that he (the magistrate) may exercise his own judgment on the sufficiency of the ground shown for believing the accused person guilty; and this ground must amount to a probable cause of belief or suspicion of the party's guilt. In other words, the magistrate ought to have before him the oath of the real accuser, presented either in the form of an affidavit, or taken down by himself by personal examination, exhibiting the facts on which the charge is based and on which the belief or suspicion of guilt is founded. The magistrate can then judge for himself, and not trust to the judgment of another, whether sufficient and probable cause exists for issuing a warrant."

This would justify the filing of an information supported by the affidavits, properly taken, of those knowing the facts taken out of court or before officers duly authorized to take affidavits, and not by the judge directing issuance of the warrant. Not much consideration seems to have been given to this point in either of these cases. Judge Bradley seemed to be of the opinion that the "probable cause" referred to is the sworn statement of the facts, and that the oath of the one knowing the facts and setting them forth is to be presented to the judge who is to issue the warrant, but that this may be done in the form of an affidavit taken before any person authorized to take oaths and affirmations, or by an oral examination before the judge who takes down the facts sworn to on such personal examination. On reading the opinion we would infer that the affidavits, if presented to and filed by the judge in support of the information, may be taken before any officer authorized to take and certify oaths and affidavits.

In United States v. Polite et al. (D. C.) 35 Fed. 58, information was filed by the United States attorney; but same was not sworn to. It was based on and accompanied by the evidence taken before a United States commissioner who held a preliminary examination in the case. The evidence was not taken before the court or judge with which the information was filed and who directed the issuance of the warrant of arrest. The motion to quash was denied.

It seems to me that it would be a useless expense and formality to require witnesses, in cases where the charge may be prosecuted by information—all cases that may be punished by imprisonment in a penitentiary or state's prison are excluded—to travel long distances, and in many cases from one state to another, and it might be across the continent, for the simple purpose of signing and swearing to an affidavit before the judge holding court and who is to direct the issue of a warrant if the facts sworn to justify and require that it issue. I do not think that the Constitution requires that the oath or affirmation be taken in open court or before the judge holding the court and who is to be called upon to order its filing and the issuance of a warrant. If the information itself states with precision and clearness the commission of a crime which may be prosecuted by information, and charges some person with the commission thereof, giving time and place, and it is supported by the affidavits of persons who know the facts and set them forth, and such facts sworn to justify the allegations of the information, I think it all-sufficient, and that such affidavits may be subscribed and sworn to before any officer in any,

jurisdiction authorized to take and subscribe oaths and affirmations in criminal proceedings by the laws of the United States. I think the cases all indicate this. I find nothing in the statutes of the United States requiring that prosecution by information conform to the practice of the states respectively in preliminary examinations before committing magistrates. Section 148 of the Code of Criminal Procedure of the state of New York provides that:

"When an information is laid before a magistrate of the commission of a crime he must examine on oath the informant and prosecutor and any witness he may produce and take their depositions in writing and cause them to be subscribed by the parties making them."

But this relates to examinations before committing magistrates preliminary to a trial before them or upon which to base a holding for the action of the grand jury, and applies to all crimes of every grade. The information upon which the courts of the United States proceed is now unknown to the law of the state of New York. People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 389, 79 N. E. 330, 332, 10 L. R. A. (N. S.) 159. The court says:

"Originally an information was a criminal proceeding at the suit of the king without a previous indictment or presentment to a grand jury. It could be preferred only by a responsible public officer when duly supported by affidavit, was limited to misdemeanors, and was a substitute for an indictment. In this sense it is unknown to the law of this state." (New York.)

In 22 Cyc. 271, 282, the question of verifying informations and supporting them by affidavit is quite extensively gone into; but I find no case holding that they or the affidavits filed in support thereof must be sworn to before the judge directing the issuance of the warrant. It goes without saying that when the matter is regulated by statute, and a particular officer is named before whom the information or affidavit must be sworn to, the statute must be followed. But Congress has not specified any officer or class of officers before whom such affidavits must be taken. If in the District Courts of the United States held in New York the practice prescribed by the Code of Civil Procedure is to be followed, the judge, before directing the issuance of a warrant, must examine on oath the informant and prosecutor and all witnesses produced and reduce this examination to writing and cause such deposition to be subscribed by such persons. This would be a too cumbersome as well as an expensive proceeding in cases of misdemeanors, and I do not think it was contemplated by Congress when it authorized the prosecution by information of the minor offenses.

In People v. Vasalo, 120 Cal. 168, 52 Pac. 305, the defendant was prosecuted by information in the superior court of Los Angeles county which was verified before the clerk of the police court of the city of Los Angeles. The point was raised that such clerk had no authority to administer oaths; but it was held that he had such authority, and the information was held good. The statutes of California did not require that the depositions be taken before the magistrate issuing the warrant. This would indicate that, in the absence of a statute demanding that the oath to an information be taken before

the judge or court issuing the warrant, it may be taken before any officer authorized to administer such an oath. 1 Bishop on Criminal Procedure, p. 431, § 604, etc., devotes a chapter to informations; but it is not suggested that the same or the affidavits in support thereof must be sworn to before the judge or court issuing the warrant. See, also, Dig. Law of Cr. Proc., Stephen, 126; "Criminal Information," Wharton Law Dictionary. In Connecticut nearly all crimes are prosecuted by information, and it is common in Indiana. 1 Bishop, Cr. Proc. 38, book 6. In Miller v. State, 122 Ind. 355, 24 N. E. 156, it was held that such an affidavit may be sworn to before a notary public; but in that case the information was quashed for the reason the acts of the notary were void because he had not procured a seal as required by statute.

People v. Nowak, 52 Hun, 613, 5 N. Y. Supp. 239, was a case arising before the committing magistrate, and was controlled by section 148, Code Cr. Proc., already quoted.

I do not think section 1014, Rev. St. (U. S. Comp. St. 1901, p. 716), has anything to do with regulating prosecutions by information. That section relates to preliminary examinations before a justice, judge, or United States commissioner for the purpose of issuing a warrant and holding to bail for appearance at court to answer to an indictment presented by a grand jury or to an information filed by the United States attorney, and in such cases, conforming to the practice prescribed by the New York Code of Criminal Procedure, it would be necessary to file a complaint or so-called 'information," and for the judge or commissioner to examine the witnesses and reduce their statements to writing and cause them to be subscribed. But an indictment may be found and presented by a grand jury without any preliminary formal complaint or prior arrest, whereupon the arrest follows. So prosecutions for crimes of the nature before referred to may be instituted by the United States attorney who presents to and files with the court when in session an information which must be supported by oath or affirmation and show probable cause and which, in such cases, takes the place of an indictment and thereupon the warrant issues. Under the common law the information was not necessarily verified; but, as stated, this led to abuses and the adoption of the fourth amendment to the Constitution, which in legal effect demands that no warrant shall issue upon an information filed by the United States attorney, unless it state facts, a crime, etc., and is supported by the oath of the officer filing it, who must speak from personal knowledge, or by the oaths or affirmations of others who speak from personal knowledge.

Congress might have provided, when it enacted section 1022, Rev. St. (U. S. Comp. St. 1901, p. 720), stating that certain crimes and offenses "may be prosecuted either by indictment or by information filed by a district attorney," that such information shall be supported by the oaths or affirmations of witnesses taken in open court or before the judge issuing the warrant, or directing its issuance; but it did not, and I do not think the language of the Constitution, above quoted, can be construed to require this. The information is supported by oath or affirmation where it is accompanied by the evidence

of witnesses sworn before a United States commissioner on a preliminary examination, if taken in due form and certified by him, or when accompanied by the affidavits made on oath of witnesses sworn before any officer authorized by law to take and subscribe such oaths or affirmations. In my judgment it would be a strained construction to hold that, after a preliminary examination held in due form before a commissioner, where the facts are fully disclosed and the examinations are reduced to writing and sworn to, the United States attorney cannot file an information based on and supported by such evidence and prosecute by information, instead of indictment, without again producing the witnesses in open court on filing the information. I am of the opinion that on filing an information supported by the evidence taken before a commissioner a new warrant would properly issue; that this is true even if such examination were held before a commissioner in another district. If this be true, the Constitution is satisfied when information is filed supported by affidavits duly taken and subscribed before officials authorized to take oaths and affirmations.

But the information presented in this case does not meet these requirements. Letters do not prove themselves. There must be an affidavit showing that the defendants wrote or authorized the letters annexed to the information. The affidavits must contain a venue and, if sworn to before a notary public, must have a certificate attached showing that the person certifying them was at the time a notary public and authorized by the laws of the state or district to take and certify oaths and affirmations, and that same is taken and subscribed as required by the laws of the state or district. If taken before a state judge or justice of the peace, there must be a like certificate, and so of commissioners outside the district where the affidavit is to be used.

For these reasons, I must decline to direct the issuance of a warrant on the information presented.