UNITED STATES v. WELLS (two cases).

(District Court, W. D. Tennessee, W. D.  April 21, 1913.)

Nos. 191, 192.

1. INDICTMENT AND INFORMATION ⬅3—PURE FOOD LAW.
    Violations of the Pure Food and Drug Act (Act June 30, 1906, c. 3915, 34 Stat. 768 [Comp. St. 1913, §§ 8717–8728]), may be prosecuted by information.
    [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 9–23; Dec. Dig. ⬅3.]

2. INDICTMENT AND INFORMATION ⬅52—VERIFICATION—PURE FOOD LAW.
    An information for a violation of the Pure Food and Drug Act must, under Const. U. S. Amend. 4, providing that no warrant shall issue but upon probable cause supported by oath or affirmation, be supported by the oath of some one having knowledge of the facts showing the existence of probable cause, and the mere fact that the information is signed by the district attorney is not sufficient, although he is a sworn officer of the government.
    [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 163–168; Dec. Dig. ⬅52.]

3. INDICTMENT AND INFORMATION ⬅40—LEAVE OF COURT—PROBABLE CAUSE.
    In prosecutions for violation of the Pure Food and Drug Act, wherein defendant is charged with a crime, upon conviction for which he may be fined and imprisoned, the information should be presented to the judge,

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

supported by facts sworn to, showing the existence of probable cause, and the existence of such probable cause is for the determination of the court.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 151; Dec. Dig. &approx;40.]

J. Lindsay Wells was charged with violating the Pure Food and Drug Act, and he demurs to the information. Demurrer sustained, and information quashed.

Casey Todd, U. S. Dist. Atty., of Memphis, Tenn.

Frank S. Elgin, of Memphis, Tenn., for defendant.

McCALL, District Judge. This case is before me upon demurrer to the information, wherein J. Lindsay Wells is charged with violating the Pure Food and Drug Act. Comp. St. 1913, §§ 8717–8728.

There are two grounds of demurrer: First. The information fails to allege that the statements therein contained had been sworn to, or that they were made upon oath before a United States commissioner. In fact, no affidavit had been made, or examination had, before a proper officer, previous to the filing of said information, touching the matters and things therein set out. Second. The information is not issued in compliance with the fourth amendment to the Constitution of the United States.

The record shows that on February 15, 1913, Hon. Casey Todd, United States district attorney, filed with the clerk of this court an information, setting out certain acts of J. Lindsay Wells, which are alleged to be a violation of the statutes made and provided in such cases. Upon the filing of the information, and on the same day, there was issued by the clerk a capias out of this court for the arrest of J. Lindsay Wells, commanding that he be brought before this court on the fourth Monday in May, 1913, to answer the charges in said information. Also, on the same day, there was issued a summons for said J. Lindsay Wells to appear and answer said information. The summons and capias were executed as commanded by the United States marshal, and returned and filed in court on February 17, 1913. On said date Wells appeared before A. G. Mathews, United States commissioner, and gave bond for his appearance at the May term of the court to further answer said information. The demurrer raises the question of the validity of the information and the proceedings thereunder. There was no affidavit or other evidence, tending to support the statements contained in the information, which was signed by the United States district attorney, Hon. Casey Todd.

[1] There is no doubt that offenses of this character may be prosecuted upon information. The question here is, Is the proceeding by information in conformity with law?

[2] In the case of U. S. v. Morgan, 222 U. S. 274, 32 Sup. Ct. 81, 56 L. Ed. 198, the Supreme Court, in passing upon the question whether or not it was necessary to give notice to the accused of the purpose of the government to indict him for a violation of the Pure Food and Drug Act. held that such notice was not necessary, and, among other things, said:

"A further answer is that as to this and every other offense the fourth amendment furnishes the citizen the nearest practicable safeguard against malicious accusations. He cannot be tried on an information unless it is supported by the oath of some one having knowledge of the facts showing the existence of probable cause."

The last sentence in the excerpt may possibly be dictum in that case, but it gives expression to the views of the Supreme Court touching the proper construction of the fourth amendment to the Constitution of the United States, in cases prosecuted upon information.

There is nothing in the case at bar that indicates that the information filed by the district attorney is supported "by the oath of some one having knowledge of the facts showing the existence of probable cause." Indeed, it is conceded by the government that no such affidavit or statement was made by any one and presented with the information when application was made either for the summons or capias for the defendant.

It is insisted by the government that the information filed, signed by the district attorney, is itself made under oath, since the district attorney is a sworn officer of the government, and it was not necessary for him to have had it further verified. I do not think this contention is in keeping with the language above quoted from the case of U. S. v. Morgan. For to so hold would be to say that the information is sufficient and needs no support by the oath of some one having knowledge of the facts, showing the existence of probable cause. This view is also sustained by Judge Ray, in the case of U. S. v. Baumert et al. (D. C.) 179 Fed. 735.

[3] In addition, it seems to me that the proceeding in this case is irregular and unauthorized by law. As has been seen, the district attorney prepared the information, filed it with the clerk of the United States District Court, which official thereupon issued the capias and summons for the defendant. The cases to which my attention has been called impress me with the idea that before a summons or capias is issued in cases of this character, wherein the defendant is charged with a crime upon a conviction for which he may be fined and imprisoned, the information should be presented to the judge, supported by the oath of some one having knowledge of the facts, showing the existence of probable cause. This evidence may be oral or by affidavits, upon the hearing of which the court may or may not cause the arrest of the accused, and have him brought before the court to answer the charge, just as he may believe that the evidence does or does not show probable cause. In other words, before a citizen is arrested, there should be facts, sworn to and presented to the court, showing the existence of probable cause for such arrest. U. S. v. Baumert, supra, and authorities there cited.

I think the demurrer in this case should be sustained, and the information quashed, and the defendant discharged. An order will be entered accordingly.

A like order will be entered in No. 192, U. S. v. J. Lindsay Wells.