**UNITED STATES v. WALKER.**

No. 257, Docket 22361.

United States Court of Appeals
Second Circuit.

Argued May 5, 1952.

Decided June 2, 1952.

Sabbatino & Todarelli, New York City, for appellant; Peter L. F. Sabbatino, New York City, of counsel.

Myles J. Lane, U. S. Atty., New York City, for appellee; Thomas F. Burchill Jr.,

and Harold J. Raby, Asst. U. S. Attys., New York City, of counsel.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

SWAN, Chief Judge.

The appellant has been twice found guilty by a jury of violating the National Stolen Property Act, 18 U.S.C.A. § 2314. His first conviction was reversed for an error in the reception of evidence.[1] The second judgment of conviction was affirmed on July 10, 1951.[2] Thereafter, in November 1951, the appellant instituted the present proceeding by a motion under 28 U.S.C.A. § 2255 for vacation of judgment and discharge from imprisonment. This motion the district court denied by order dated January 10, 1952. By order dated January 18, 1952 a reargument was granted but the former denial of the motion was adhered to. From both orders the appellant has appealed.

The appellant's motion is grounded on the premise that his conviction resulted from evidence procured from him while he was held in illegal custody under a warrant of arrest which he originally assumed to be valid but now claims to have been void by reason of facts which he discovered only in October 1951. In August 1947 he was arrested in Maryland on a warrant issued by a United States commissioner for the eastern district of Kentucky pursuant to a complaint charging a different offense from that upon which he was convicted in the case at bar. After his arrest he was seasonably arraigned before a United States commissioner in Maryland where he waived examination and consented to removal to Kentucky. There he was indicted, but the indictment was dismissed without being brought on for trial. While under arrest in Maryland, he confessed the crime for which he was later indicted and convicted in the southern district of New York, and also consented to a search of his trunks which produced evidence used at the trial. The substance of his argument is that his confession and the evidence obtained by search of his trunks could have been suppressed, had he discovered before trial that his arrest was illegal. He excuses his failure to move to suppress them by the fact that the Kentucky warrant and complaint were not promptly filed in the office of the clerk of the court in Kentucky as required by Rule 40 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[3]

Assuming that the evidence could have been suppressed by proper motions before or during the trial, it is extremely doubtful that objection to the evidence can be raised at this late date by motion under 28 U.S.C.A. § 2255. Such a motion cannot ordinarily be used in lieu of appeal to correct errors committed in the course of a trial, even though such errors relate to constitutional rights.[4] No exceptional circumstances are apparent which might justify relaxation of the above stated general rule. The appellant relies upon the long delay in the filing of the complaint and warrant in the clerk's office in Kentucky to excuse his failure to object at the trial. Had he been as persistent before trial in seeking the Kentucky complaint as he has been since his conviction, it may be that he could

1. United States v. Walker, 2 Cir., 176 F. 2d 564, certiorari denied 338 U.S. 891, 70 S.Ct. 239, 94 L.Ed. 547.

2. United States v. Walker, 2 Cir., 190 F. 2d 481, certiorari denied 342 U.S. 868, 72 S.Ct. 109, rehearing denied 342 U.S. 899, 72 S.Ct. 229.

3. Rule 40(b) (3): " * * * After a defendant is held for removal or is discharged, the papers in the proceeding and any bail taken shall be transmitted to the clerk of the district court in which the prosecution is pending." See also Rule 5(c).

4. Howell v. United States, 4 Cir., 172 F.

2d 213, 215, certiorari denied 337 U.S. 906, 69 S.Ct. 1048, 93 L.Ed. 1718: "It is elementary that neither habeas corpus nor motion in the nature of application for a writ of error coram nobis can be availed of in lieu of writ of error or appeal, to correct errors committed in the course of a trial, even though such errors relate to constitutional rights. It is only when there has been the denial of the substance of a fair trial that the validity of the proceedings may be thus collaterally attacked or questioned by motion in the nature of petition for writ of error coram nobis or under 28 U.S. C.A. § 2255."

have obtained it in time to make his objections; or, if not, he could at least have requested a postponement of the trial. He has failed to show that he was denied the substance of a fair trial and that consequently he should be permitted such an attack on the judgment as he now makes. But affirmance of the orders need not rest solely on the above ground.

■ The appellant contends that his arrest was illegal because (1) the complaint did not set forth "the essential facts constituting the offense charged," as required by Rule 3, F.R.Cr.P.; (2) the complaint did not set forth the source of the government agent's information. Taking up these points seriatim, it appears that the complaint, printed in the margin,[5] substantially follows the statutory language of the offense charged, 18 U.S.C.A. § 2314. Since an indictment in the words of the statute may be sufficient, Carter v. United States, 10 Cir., 173 F.2d 684, certiorari denied 337 U.S. 946, 69 S.Ct. 1503, 93 L.Ed. 1749, a complaint in the same form may likewise be; such is the case here. Point (2) seems to be answered by the fact that on its face the complaint appears to be based on personal knowledge of the complainant. See Rice v. Ames, 180 U.S. 371, 376, 21 S.Ct. 406, 45 L.Ed. 577. When arraigned before the commissioner in Maryland the

appellant could have challenged the complaint on the ground that the complainant did not have personal knowledge, but his waiver of examination and consent to removal would, in our opinion, preclude a later assertion that the complaint was not sustained by legally competent evidence.[6] In our opinion the appellant has not established that his arrest was illegal.

■ But even if we are in error and it be assumed that the arrest was illegal, it does not follow that the evidence obtained while the appellant was illegally held in custody was incompetent. The evidence obtained by search was found in the appellant's luggage which was in the possession of Mrs. Ashe, who consented to the search. As we stated on the prior appeal, United States v. Walker, 2 Cir., 190 F.2d 481, 483, the appellant had no right to object to the search of premises not occupied by him nor to the seizure of property not within his possession.

■ The other item of evidence to the use of which the appellant objects is his confession. This was a voluntary confession. The fact that it was made while he was under illegal arrest does not make it incompetent. The rule of McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, upon which the appellant relies is inapplicable to the case at bar. See

---

5. "The undersigned complainant being duly sworn states:

"That on or about between May 1, 1946 and Dec. 20, 1946, at Lexington, Ky., in the Eastern District of Kentucky, John Donald Walker did unlawfully, knowingly and wilfully transport in interstate commerce money and stocks of the approximate value of $18,000.00, which had theretofore been taken by him through fraud, knowing the same to have been so taken.

"And the complainant further states that he believes that John W. Core, Sp. Agt. FBI, Louisville, Ky. is material witness in relation to this charge.

　　　"John W. Core
"Signature of Complainant.
　　　"Sp. Agt. FBI
　　　"Official Title
"Sworn to before me, and subscribed in my presence August 25, 1947.
　　　"Joseph J. Bradley
"United States Commissioner."

6. See United States v. Ruroede, D.C.S.D. N.Y., 220 F. 210, 213, where Judge Augustus N. Hand said: "His waiver will prevent him, as I have heretofore said, from objecting to informalities or irregularities in the warrant or in the complaint. * * * The prisoner has a right to have evidence produced in support of the complaint and to produce evidence on his part in answer thereto; in other words, to have the benefit of a preliminary examination. If he does not desire to have it and waives it, he cannot thereafter claim that he should have had it. In other words, the waiver is as broad as the privilege and nothing more." Compare United States ex rel. King v. Gokey, D.C.N.D.N.Y., 32 F.2d 793, 795.

United States v. Walker, 2 Cir., 176 F.2d 564, 566, certiorari denied 338 U.S. 891, 70 S.Ct. 239, 94 L.Ed. 547; United States v. Leviton, 2 Cir., 193 F.2d 848, 853, certiorari denied 343 U.S. 946, 72 S.Ct. 860; In re Fried, 2 Cir., 161 F.2d 453, 1 A.L.R.2d 996.

■ Finally it is urged that the appellant was entitled to a hearing other than oral argument on his motion. The only question of fact which a hearing could have settled is whether the agent who swore to the Kentucky complaint had personal knowledge of the facts. This issue we regard as immaterial because, as already indicated, it was waived by the appellant's waiver of examination at his arraignment in Maryland, and, in any event, the evidence obtained while he was under arrest was not incompetent.

Orders affirmed.