### UNITED STATES v. HAYWOOD.
#### No. 10919.

United States Court of Appeals
Seventh Circuit.
Nov. 23, 1953.

Robert Haywood, per se.

Otto Kerner, U. S. Atty., James P. Piragine, and Richard G. Kahn, Asst. Attys. Gen., Chicago, Ill., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

Defendant was indicted on two counts charging unlawful purchase and possession of heroin and concealment of heroin after importation. Defendant was represented by counsel of his own choosing and waived trial by jury. Defendant moved timely to suppress the use as evidence against him of 13 packages of heroin, on the ground that same had been obtained as a result of an unlawful and unreasonable search and seizure. The motion to suppress was denied, and at the trial the substance in the packages received in evidence was identified as heroin hydrochloride, a derivative of opium. The trial court found the defendant guilty and sentenced him to 10 years in prison and assessed a fine of $2,000. No appeal was taken from the judgment of conviction.

After he had served approximately four months of his sentence, and appearing *pro se,* defendant endeavored to have the judgment against him vacated, by filing a motion under 28 U.S.C.A. § 2255. The basis of the motion was that the city police who made the search of defendant's premises without a search warrant were working solely for the enforcement of federal law and pursuant to an established practice and custom which was that such searches were made for the purpose of aiding the United States in the enforcement of its laws.

Defendant's motion was denied and he was permitted to present this appeal in *forma pauperis,* again appearing *pro se.* As defendant was unable to be present at the time set for oral argument before this court, the cause was submitted upon briefs.

■ If the defendant had been able to establish in this case that there was a working agreement or understanding or an established practice and custom between federal officers and local police officers, whereby unlawful searches and seizures were to be made by the police officers and the evidence thus obtained turned over to federal officers for use in the prosecution in the federal court, there would have been good grounds for excluding such evidence at the trial. Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Fowler v. United States, 7 Cir., 62 F.2d 656.

Defendant testified that after his arrest and as he was being taken to the police automobile in front of the hotel where he roomed, he saw a Buick or Oldsmobile automobile containing several men parked behind the police car, and that one of the police officers who had arrested him conferred briefly with the men in the other automobile. Defendant argues that the men in the second automobile must have been federal narcotic agents who were cooperating in the search and seizure. Defendant also points to the fact that he was turned over to the custody of federal officers the day following his arrest, as showing cooperation between and joint action by the local and the federal officers. Also, in his brief in this court, defendant quotes from a news

story in the April 29, 1953, issue of a Chicago newspaper, commenting on numerous arrests in Chicago for narcotic law violations, which contained the very general statement: "It is no secret that State law enforcement agencies and the government authorities cooperate in the enforcement of the laws pertaining to narcotics."

All three police officers testified at the trial that prior to going to defendant's room they had not conferred with any United States narcotic agent or any person in the federal narcotic bureau, and that no federal officers were present, or in any way connected with the investigation or the search and seizure, and that none of the police officers conferred with men who were occupants of a second automobile. In fact all three police officers denied that any automobile such as described by defendant was present when defendant was being taken from his hotel to the police car.

■ In view of the testimony before the trial court, we conclude that there was no error in denying the motion to suppress the evidence obtained upon the search. The fact that the city authorities did turn the defendant over to the federal authorities and on occasions had previously turned over such cases is not decisive. United States v. Scotti, D.C. 102 F.Supp. 747, affirmed, 5 Cir., 193 F. 2d 644.

■ In Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, it was not shown that either the arrest or the search was made solely for the purpose of aiding in the prosecution of a federal offense. There, as here,[1] a law of the State made criminal the acts with which the defendant was charged. In contrast, in Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, the New York State Liquor Law had been repealed, and the State troopers participating in the search and seizure believed that they were required to aid in the enforcement of the National Pro-

hibition Act, 27 U.S.C.A. § 1 et seq. Their actions were *solely* for the purpose of aiding in the enforcement of a federal law. The court there held that the evidence was obtained in violation of the constitutional rights of the defendant. Generally speaking, in the federal courts State officers are considered as strangers as far as the use of evidence procured by search and seizure is concerned; and although search and seizure by State officers may be illegal, if made entirely independent of any cooperation with federal officers, the evidence seized is usually admissible in prosecutions in the federal courts. 20 Amer.Juris., Evidence, Sec. 397.

We have discussed on the merits the issues raised by appellant, in spite of the fact that ordinarily a case of this kind would be disposed of and the appeal dismissed on the ground that an alleged erroneous ruling by the trial court on a motion to suppress evidence, and the alleged erroneous admission of such evidence at the trial, are not subject to review by a motion brought under 28 U.S. C.A. § 2255. Our reason for not following the usual course is that appellant is a layman appearing in his own behalf, both in the district court and here. Undoubtedly appellant spent many hours in the preparation of his motion in the district court and on the briefs submitted in this court. Apparently he is entirely convinced that he is entitled to prevail on the merits of his contention here. We were, therefore, reluctant to decide this case on what appellant would probably regard as a technicality, without discussing briefly the merits of appellant's contention. It should be understood, however, that we do not intend to set a precedent which must be followed in similar cases which may come before us in the future.

■■ Of course it is not a technicality, but a well established rule of law, that mere errors of law occurring at the trial, which could be corrected upon an

[1]. Illinois Uniform Narcotic Drug Act, Smith-Hurd Ill.Anno.Stats., Ch. 38, Sec. 192.1 et seq.

appeal, cannot serve as the basis of attacking the judgment of conviction under Sec. 2255. United States v. Jonikas, 7 Cir., 197 F.2d 675, 676. A motion under Sec. 2255 cannot ordinarily be used in lieu of an appeal to correct errors committed in the course of a trial even though such errors relate to constitutional rights. United States v. Walker, 2 Cir., 197 F.2d 287, 288; United States v. Rosenberg, 2 Cir., 200 F.2d 666, 668. The same rule applies in habeas corpus proceedings. Adams v. United States ex rel. McCann, 317 U.S. 269, 274, 63 S.Ct. 236, 87 L.Ed. 268; Howell v. United States, 4 Cir., 172 F.2d 213, 215. In two recent cases the courts specifically ruled that the alleged error in receiving evidence claimed to be obtained by an unlawful search and seizure could not be raised by motion under Sec. 2255. Barber v. United States, 10 Cir., 197 F.2d 815; United States v. Walker, supra. Appeal dismissed.