Levi **WASHINGTON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16837.

United States Court of Appeals
Eighth Circuit.
July 27, 1961.

Levi Washington, pro se.

D. Jeff. Lance, U. S. Atty., St. Louis, filed no answer or opposition for the United States.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant was indicted, tried, convicted and sentenced on two separate charges of selling heroin in violation of 26 U.S.C. § 4705(a), and on two separate charges of receiving and concealing heroin in violation of 21 U.S.C. § 174. He was represented in those proceedings by court-appointed counsel.

Three years later, he filed a motion under 28 U.S.C.A. § 2255 to have his sentences set aside, on the grounds (1) that he had been initially arrested and held, on the request of federal authorities, by the police department of the City of St. Louis, Missouri, without a warrant; (2) that he had not during that period been taken before a committing officer or a judge; (3) that a federal complaint was filed against him while he was thus in custody, which did not contain showing of probable cause; and (4) that the federal warrant which had been issued on the complaint, and under which he was turned over by the police department to a United States Marshal, was invalid, because of the defective complaint on which it was predicated.

The trial court denied the motion to vacate, without a hearing, on the ground that appellant's contentions raised no questions which could afford the basis for a collateral attack on his conviction and sentence, since they were without any effect thereon or relationship thereto, in that he had been tried and convicted on an indictment which had been returned after the events of which he complained. The court further held that, even if the situation had been one in which the elements alleged had represented direct links in the chain of appellant's conviction proceedings, they were matters which could not have any reach beyond the point of procedural assertion and preservation in those proceedings and in a review thereof by an appeal from the judgment of conviction.

Both of these holdings clearly were correct. On either aspect, the door was closed to any scrutiny of them in a collateral viewing of the judgment through a § 2255 motion. And at all events, their significance and relationship would have become so solidified into the judgment, when it reached the status of finality, as to be incapable legally of being given any identity therein. Incidentally, it may be added that the incidents alleged also appear to be here mere groping afterthoughts, since appellant's motion does not even suggest that they had at any stage of the proceedings against him been relied on or asserted as contentions by him.

The trial court was in the situation not required to make any further examinations into or to accord appellant a hearing on his contentions. His challenge here to the trial court's certificate, that his appeal is without merit and so not taken in good faith, is overruled, and his application for leave to prosecute his appeal in forma pauperis is denied.

To clear the record of the appeal pending from his filing of a notice of appeal, the case will be permitted to be docketed without payment of fee, and it will thereupon be dismissed as frivolous.

Appeal dismissed.