John BRAM, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16795.

United States Court of Appeals Eighth Circuit.

April 24, 1962.

Rehearing Denied May 8, 1962.

John Bram, pro se.

Miles W. Lord, U. S. Atty., and Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

John Bram appeals from an order of the United States District Court for the District of Minnesota, Fourth Division, overruling his motion filed under 28 U.S.C.A. § 2255, to vacate sentence.

On February 20, 1954, an indictment was returned against Bram, charging him with bank robbery in violation of Section 2113(a–d), Title 18 U.S.C.A. The charges alleged therein were stated conjunctively, i. e. Bram participated in the robbery of The Bank of Danvers, Minnesota, and "did aid, abet and counsel

one Howard Milton Mason, Jr., to commit an assault and put in jeopardy the lives of persons" mentioned in the indictment "by use of a dangerous weapon, to-wit, an automatic pistol . . ." in the commission of that offense. At commencement of Bram's trial on such charge the Government stated it would confine its proof of aggravating bank robbery to merely *assault* and that it abandoned that portion of the indictment which charged that the lives of persons were placed in jeopardy by use of a dangerous weapon, because the gun used was "unloaded". The trial proceeded on that basis and the jury was instructed accordingly. The verdict of the jury as returned was in usual form as to a finding of Bram's guilt of the robbery of the bank in question. Thereafter, the verdict reads:

"We, the Jury in the above-entitled action, further find the defendant, John Jacob Bram guilty of aiding and abetting one Howard Milton Mason, Jr., in assaulting the persons mentioned in the indictment in the robbery of The State Bank of Danvers as charged in the indictment."

On that verdict Bram was sentenced to a term of imprisonment for a period of twenty-five (25) years. On appeal to this Court, his conviction was affirmed. Bram v. United States, 226 F.2d 858 (8 Cir. 1955). Bram raised no issue in that appeal as to any variance between the indictment and proof, nor was any such contention ever urged before the trial court until the filing of his instant § 2255 motion. In its order overruling such motion the District Court said:

"In view of the fact that the statute (2113(d) supra) is in the disjunctive, the mere fact that the indictment used the conjunctive and charged both assault and the placing in jeopardy the lives of the persons mentioned, did not prevent the Government from relying solely upon the assault provisions of the statute. The alleged variance created no prejudice to the defendant." (Par. added.)

■ Variance between the allegations of an indictment and the proof is a matter of error reviewable only on direct appeal. 24B C.J.S. Criminal Law § 1948 (2), p. 363. A motion to vacate a sentence under Section 2255, Title 28 U.S. C.A. is a collateral proceeding in which errors in procedure at the initial trial of a case are not subject to review. Taylor v. United States, 229 F.2d 826 (8 Cir. 1956) cert. den. 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500; Burns v. United States, 229 F.2d 87 (8 Cir. 1956) cert. den. 351 U.S. 910, 76 S.Ct. 703, 100 L. Ed. 1445; Risken v. United States, 197 F.2d 959 (8 Cir. 1952).

But here Bram contends: (1) that simple assault is an ingredient of every robbery; (2) that "assault" as used in Section 2113(d) supra is related to an aggravated assault by use of a dangerous weapon; (3) that the indictment returned against him charged a single offense, robbery aggravated by assault and putting in jeopardy the lives of persons in the bank with a dangerous weapon; (4) that by disjoining the use of a dangerous weapon from the assault element in that offense, constituted an abandonment of the offense charged against him; (5) thus he was tried, convicted and sentenced without a grand jury indictment and denied information as to the true nature of the charge made against him, in violation of his constitutional rights under Amendments 5 and 6 of the Constitution. (U.S.Const. Amend. V & VI.) Ingenious as Bram's argument concerning those matters is, we shall not follow him in all parts thereof, for it is apparent therefrom that he has misconceived the provisions of Section 2113(a–d), Title 18 U.S.C.A. and as a consequence his claim of constitutional rights violation falls.

Bram's indictment followed closely the language of Section 2113(a–d) supra, defining the offense for which he was convicted, except for the use of the conjunctive "and" in place of the disjunctive "or" as used in the statute relating to "assault" of the persons named in the indictment. That the indictment was so draft-

ed does not militate against the validity of Bram's conviction.

"'As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative; the proper way is to connect the various allegations in the accusing pleading with the conjunctive term "and" and not with the word "or."' 42 C.J.S. Indictments and Informations § 101, quoted in Price v. United States, 5 Cir., 150 F.2d 283, certiorari denied 326 U.S. 789, 66 S.Ct. 473, 90 L.Ed. 479. See also Johnson v. United States, 5 Cir., 207 F.2d 314, 319, 323." Heflin v. United States, 223 F.2d 371, 373 (5 Cir. 1955).

In Price v. United States, 5 Cir., 150 F.2d 283, 285, it is said:

"When several acts specified in a statute are committed by the same person, they may be coupled in one count as together constituting one offense although a disjunctive word is used in the statute, and proof of any one of the acts joined in the conjunctive is sufficient to support a verdict of guilty."

See also Crain v. United States, 162 U.S. 625, 634–636, 16 S.Ct. 952, 40 L.Ed. 1097.

■ So when Bram's indictment charged that he "did aid, abet and counsel one Howard Milton Mason, Jr., to commit an assault *and* to put in jeopardy the lives of the persons mentioned" therein, proof of "assault" of such persons in the commission of the robbery at The Danvers Bank was enough, without proof of putting in jeopardy the life of any person by "the use of a dangerous weapon or device."

In his § 2255 motion Bram states he "is not questioning the sufficiency of the Government's evidence presented against him at trial"; or "the sufficiency of the indictment as on file." His whole thrust is that when the District Attorney stated, "the Government's proof * * * on (sic) the assault and on the use of a

dangerous weapon, will be confined solely to the assault," the Government thereby undertook to put him to trial and convict him for a crime that was not contained in the indictment. Seemingly, it is Bram's thinking that force upon and fear of the persons robbed are present in every robbery to some degree, and before a conviction for aggravated assault can stand under an indictment laid pursuant to Section 2113(a–d) supra, assault by use of a deadly weapon must be shown to exist, which requires proof of facts revealing a specific intent other than that which exists in simple bank robbery. Such is a misconception of the crimes defined by Congress in Section 2113, Title 18, U.S.C.A.:

"In effect, Congress created three classes of bank robbery (therein) according to degree; first, that which was accompanied by force or putting in fear; second, that which was accompanied by assault or putting lives in jeopardy; and, third, that which was accompanied by killing or kidnaping. Proof of robbery of the second class would also prove robbery of the first class, and proof of robbery of the third class would prove robbery of both the first and second class." Hewitt v. United States, 110 F.2d 1, 11 (8 Cir. 1940).

But only a single punishment was fixed by the Congress for conviction of any such degree of offense. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed. 2d 370 (1957). Bram was convicted and sentenced for the "second class" offense defined by Section 2113(a–d) supra. Proof of any "assault" made against the person of any one of those named in the indictment returned against him would sustain his conviction thereunder.

■ The sufficiency of the evidence adduced at his trial to sustain proof of any such "assault" or any other appealable matter relating thereto is no longer an open question for review by this or any other Court since the affirmance of his conviction on direct appeal. Cf. Washington v. United States, 292 F.2d 452 (8 Cir. 1961). The sufficiency of the

indictment on which Bram was convicted is a closed book. Morse v. United States, 295 F.2d 30 (8 Cir. 1961). But it is pertinent here to point out that in the opinion of this Court, sustaining Bram's conviction, Judge Woodrough, writing for the Court, found facts in the record of that appeal which established Bram and his accomplice in commission of the robbery of The Bank of Danvers, Minnesota, "forced three employees of the bank and two customers to lie on the floor, and before leaving the bank, compelled the employees and customers to enter the small bank vault and locked them in." Proof of such facts could be considered as violence to the person, hence an "assault" within the ambit of Section 2113(a–d), Title 18 U.S.C.A. Cf. Larson v. United States, 172 F.2d 386 (6 Cir. 1949).

The judgment appealed from is affirmed.