**Tom Don FRANANO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16964.**

United States Court of Appeals Eighth Circuit.

June 13, 1962.

Rehearing Denied June 27, 1962.

Tom D. Franano, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and Clifford M. Spottsville, Asst. U. S. Atty., filed brief for respondent.

Before SANBORN, BLACKMUN and RIDGE, Circuit Judges.

PER CURIAM.

In 1958, after trial and conviction on a seven-count indictment, appellant was sentenced to a total period of eight years' imprisonment. On direct appeal to this Court that judgment of conviction and sentence were affirmed. (8 Cir., 277 F.2d

511.) Appellant now seeks review of an order of his sentencing court denying a petition filed by him under 28 U.S.C.A. § 2255, claiming right to release from present confinement under the above sentences.[1]

The singular premise for such claim is appellant's assertion that he was subpoenaed and compelled to testify before the Grand Jury that indicted him "without having signed a waiver of immunity as required by law." For that reason alone appellant says the judgment and conviction previously affirmed by this Court on direct appeal is null and void for lack of due process, which he postulates as being in violation of his constitutional right against self-incrimination. He claims the right to have that question determined in this Section 2255 proceeding on the ground that such matter "has never been settled by this Court or any other Court." That appellant does not now have a right of review as to that matter by way of a Section 2255 petition is obvious.

From the record before us it is revealed that prior to the trial of appellant resulting in his conviction and sentence, he filed a motion to "inspect and copy grand jury minutes" and also a "motion to dismiss" his indictment on the ground that an inspection of the grand jury minutes and transcript would reveal there was insufficient evidence adduced before the grand jury to sustain his indictment; that he and a co-defendant "were subpoenaed and forced to testify before the grand jury in violation of their constitutional rights"; and for those assigned reasons he claimed his indictment should be dismissed. Both such issues were presented to appellant's sentencing court before trial, by way of written suggestions and oral argument, and both such motions were then overruled.

1. While at liberty on bond pending trial on the 7-count indictment *supra*, appellant alleges in his 2255 motion, he was again "arrested, tried, convicted and sentenced" in the same District Court "to a term of Four (4) years, Three Hundred and Thirty (330) days, to begin at the expiration of the" 8-year sentence *infra;* that he "is not moving to vacate the latter sentence * * * but (only) the Eight (8) year term imposed on" him as herein referred to.

Furthermore, it appears from our previous opinion supra, one contention made by appellant on his direct appeal was that his "trial court erred in overruling appellant's motion to inspect and copy grand jury minutes"; and that assignment of error was considered by this Court and found to be "wholly without merit." (277 F.2d l. c. 513.)

It is no longer open to question that petition under Section 2255, Title 28 U.S.C.A. cannot serve the office of an appeal and "that issues disposed of on a previous appeal will not be reviewed again" via such a petition. Smith v. United States, 265 F.2d 14, 16 (5 Cir. 1959). It is likewise settled law that errors occurring in a criminal proceeding which can be made the subject of review upon direct appeal from a conviction and sentence, cannot be used as the premise for a collateral attack thereon under a Section 2255 petition, (Callanan v. United States, 274 F.2d 601 (8 Cir.1960)) and this is so as to "errors committed in the course of a trial even though such errors relate to constitutional rights." United States v. Haywood, 208 F.2d 156, 159 (7 Cir.1953). If such matters are not raised on direct appeal (Callanan v. United States, supra; United States v. Walker, 197 F.2d 287 (2 Cir.1952)) or if raised and disposed of as presented in such an appeal, they will not be again reviewed in a Section 2255 proceeding. Smith v. United States, supra; Malone v. United States, 257 F.2d 177 (6 Cir. 1958); United States v. Haywood, supra; Callanan v. United States, supra; Lipscomb v. United States, 226 F.2d 812 (8 Cir.1955); Johnston v. United States, 254 F.2d 239 (8 Cir.1958); Taylor v. United States, 180 F.2d 1020 (9 Cir. 1950); Howell v. United States, 172 F. 2d 213 (4 Cir.1949).

A trial court ruling relating to a constitutional question not going to the jurisdiction of that court to give sentence, or to one which does not "results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure" (Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)) even if wrong, cannot be made the subject matter of a Section 2255 proceeding. A motion to vacate a sentence under Section 2255, supra, is a collateral proceeding in which errors committed at the initial trial of a case are not subject to review. Bram v. United States, 302 F.2d 58 (8 Cir.1962). Such has always been the rule relating to habeas corpus proceedings (Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942)) and a proceeding under Section 2255 of the Judicial Code is to be likewise construed and applied. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

Appellant's assertion that the sentence under which he is presently confined is void on the grounds presented by the instant Section 2255 proceeding, is "wholly without merit." Briefs filed by him in his direct appeal to this Court assigned error on the part of his sentencing court to the effect that his "motion to inspect and copy grand jury minutes" was wrongfully denied because an inspection thereof would reveal that he and a co-defendant "were subpoenaed and forced to testify before the grand jury in violation of their constitutional rights" and that without an inspection of such minutes he "was powerless to to prove the grounds for his motion to dismiss." The District Court in the instant Section 2255 proceeding properly considered and ruled that matter from the standpoint above stated, and denied appellant's petition to vacate sentence.

Manifestly, there is no merit to appellant's contention and this appeal can only be considered as "frivolous" notwithstanding appellant has prepaid the costs thereof.

Appeal dismissed.