Alphonse WARREN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17152.

United States Court of Appeals Eighth Circuit.

Jan. 11, 1963.

2. 11 U.S.C. § 110, sub. f.

**674**

Alphonse Warren in pro. per.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

VOGEL, Circuit Judge.

This is an appeal from the denial of a motion to vacate sentence under § 2255, Title 28 U.S.C.A., in which the appellant claims an unlawful arrest and the use at the trial of evidence obtained through the resulting illegal search and seizure. The District Court's denial was predicated upon the grounds that the questions raised were determinable only upon appeal from the judgment of conviction and could not be raised under § 2255. Appellant appears here *pro se.*

On January 9, 1958, a five-count indictment was returned against the appellant charging him with narcotic violations un-der §§ 4704(a) and 4705(a), Title 26 U.S. C.A., and § 174, Title 21 U.S.C.A. At the time the appellant, represented by able counsel appointed by the District Court, filed a motion to suppress the arrest warrant and for the suppression of evidence seized at the time of the arrest. After a full hearing, the motion was overruled. In the subsequent trial, Warren was found guilty by the jury on all five counts and was thereafter, as a second offender, sentenced to twenty years' confinement. Following the conviction, appellant filed an affidavit *in forma pauperis* and sought leave to appeal the District Court's order overruling his motion for a new trial. Leave to file notice of appeal without prepayment of costs was permitted but the District Court denied leave to appeal *in forma pauperis,* certifying that the appeal was without merit and not taken in good faith. Warren then petitioned this court for leave to proceed *in forma pauperis,* notwithstanding the certificate of the trial court and the provisions of 28 U.S.C.A. § 1915(a). In Warren v. United States, 8 Cir., 1959, 263 F.2d 263, we appointed the same counsel to represent the appellant who had represented him at the trial in District Court and requested counsel to procure, if possible, an agreed statement of the case and to submit a typewritten report, pointing out in what respects, if any, the trial court erred in certifying that the appeal was not taken in good faith. An agreed statement and report were thereafter filed. In Warren v. United States, 8 Cir., 1959, 268 F.2d 691, we reviewed the contentions of the appellant and his counsel in detail and concluded, at page 692:

"* * * It is obvious that, since the federal officers had reasonable cause to believe that Warren had sold narcotics to the informer and had narcotics in his possession, the arrest of Warren, with or without a valid warrant, was a lawful arrest, and that the search of Warren's person and of the apartment of the informer where Warren was found was not illegal. See Agnello v. United

States, 269 U.S. 20, 24–25, 46 S.Ct. 4, 70 L.Ed. 145. The defenses of Warren were the usual defenses urged in like cases: entrapment; that the informer's character was such that he was not worthy of belief; that the defendant had the narcotics for his personal use, and made no sale; and that the marked money was received in payment of a debt. These issues were for, and were submitted to, the jury, which convicted Warren on all counts. We are satisfied that Warren's appeal is frivolous. Leave to prosecute it *in forma pauperis* is denied."

Warren's next step was to file an application for a Writ of Error Coram Nobis in the District Court. The application was denied. Appellant then again reached this court through an application for a "Writ of Error Coram Nobis on Appeal *in Forma Pauperis*". In Warren v. United States, 8 Cir., 1960, 277 F.2d 448, we said:

"Now appellant has returned to this Court with a document which he denominates as a 'Petition for a Writ of Error Coram Nobis,' but which, like that filed in the District Court, amounts to another application for leave to proceed in forma pauperis on appeal from his conviction. As such, it is subject to our previous holding that his appeal is frivolous."

This court at that time allowed a docketing of the appeal without cost in order to effectuate a termination of the proceedings by dismissing them as being frivolous.

Once again Warren is in this court, this time on a denial of a motion under § 2255 but with the same allegations as twice before presented. The contentions herein are such that we would have dismissed them as being frivolous had they been brought by a non-indigent or paying appellant. Cf. Franano v. United States, 8 Cir., 1962, 303 F.2d 470, 472. The finding of frivolity in the petitions to proceed *in forma pauperis* must

preclude the appellant from once again raising the identical contentions. See Coppedge v. United States, 1962, 369 U. S. 438, 448–450, 82 S.Ct. 917, 8 L.Ed.2d 21.

But aside from the fact that appellant's contentions have heretofore been fully considered, it is also well established that the complaints of illegal arrest and illegal search and seizure are not proper matters to be presented by a motion to vacate sentence under § 2255 but can only be properly presented by appeal from the conviction. See generally Judge Holtzoff's exhaustive review of the scope of § 2255 in United States v. Edwards, D.C.D.C.1957, 152 F.Supp. 179, affirmed in Edwards v. United States, 1957, 103 U.S.App.D.C. 152, 256 F.2d 707, certiorari denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82. An identical situation as to facts and contentions arose in United States v. Scales, 7 Cir., 1957, 249 F.2d 368, certiorari denied, 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820. There the court expressly stated, at page 370 of 249 F.2d:

"Appellant further challenges the validity of the search warrant issued in this case, the forcible entry into the premises occupied by him and the admission in evidence of the narcotics thus obtained. These questions are matters reviewable on an appeal from the judgment of conviction in the court below, and we have held that a motion under 28 U. S.C.A. § 2255 cannot be used in lieu of an appeal. Davis v. United States, 7 Cir., 1954, 214 F.2d 594, 596, and United States v. Haywood, 7 Cir., 1953, 208 F.2d 156, 159."

See also Pearson v. United States, 7 Cir., 1962, 305 F.2d 34; Eberhart v. United States, 9 Cir., 1958, 262 F.2d 421; Barber v. United States, 10 Cir., 1952, 197 F. 2d 815, certiorari denied, 344 U.S. 857, 73 S.Ct. 94, 97 L.Ed. 665.

The statement of this court in Franano v. United States, 8 Cir., 1962, 303 F.2d

470, 472, is completely dispositive of the appellant's contentions here:

"It is no longer open to question that petition under Section 2255, Title 28 U.S.C.A. cannot serve the office of an appeal and 'that issues disposed of on a previous appeal will not be reviewed again' via such a petition. Smith v. United States, 265 F.2d 14, 16 (5 Cir. 1959). It is likewise settled law that errors occurring in a criminal proceeding which can be made the subject of review upon direct appeal from a conviction and sentence, cannot be used as the premise for a collateral attack thereon under a Section 2255 petition, (Callanan v. United States, 274 F.2d 601 (8 Cir. 1960)) and this is so as to 'errors committed in the course of a trial even though such errors relate to constitutional rights.' United States v. Haywood, 208 F.2d 156, 159 (7 Cir. 1953). If such matters are not raised on direct appeal (Callanan v. United States, supra; United States v. Walker, 197 F.2d 287 (2 Cir. 1952)) or if raised and disposed of as presented in such an appeal, they will not be again reviewed in a Section 2255 proceeding. Smith v. United States, supra; Malone v. United States, 257 F.2d 177 (6 Cir. 1958); United States v. Haywood, supra; Callanan v. United States, supra; Lipscomb v. United States, 226 F.2d 812 (8 Cir. 1955); Johnston v. United States, 254 F.2d 239 (8 Cir. 1958); Taylor v. United States, 180 F.2d 1020 (9 Cir. 1950); Howell v. United States, 172 F.2d 213 (4 Cir. 1949).

\* \* \* \* \* \*

"\* \* \* A motion to vacate a sentence under Section 2255, supra, is a collateral proceeding in which errors committed at the initial trial of a case are not subject to review. Bram v. United States, 302 F.2d 58 (8 Cir. 1962). Such has always been the rule relating to habeas corpus proceedings (Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.

Ct. 236, 87 L.Ed. 268 (1942)) and a proceeding under Section 2255 of the Judicial Code is to be likewise construed and applied. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952)."

The order appealed from is hereby affirmed.