Oral Sylvester EVENSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17146.

United States Court of Appeals Eighth Circuit.

April 23, 1963.

R. Richard Straub, St. Louis, Mo., for appellant.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee; Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., with him on the brief.

Before VOGEL, VAN OOSTERHOUT and RIDGE, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendants Oral Sylvester Evenson and his son, Jerome Henry Evenson, were indicted, tried by a jury, convicted and sentenced upon a charge of conspiracy (18 U.S.C.A. § 371), with each other and with another person, to transport in interstate commerce a specified automobile known to have been stolen. This is an appeal by Oral Sylvester Evenson, hereinafter called Appellant, from such conviction.

This court has appointed Mr. R. Richard Straub to represent the appellant upon this appeal. Mr. Straub has competently presented appellant's contentions to this court by written brief and oral argument. We express our thanks to him for his able representation of the appellant upon this appeal.

Appellant does not here contend that the evidence is insufficient to support the conviction. Hence, we deem it unnecessary to detail the evidence. We have carefully examined the entire record and find that the Government has made out a strong case against the appellant.

Appellant urges that he is entitled to a reversal and a new trial because of prejudicial errors committed by the trial court in the following respects:

I. Denial of mistrial after a Government witness made a reference to appellant's criminal record.

II. Refusal to exclude inadmissible testimony offered by the Government.

Our examination of the record satisfies us that the trial court committed no prejudicial error and that appellant's conviction should be affirmed. We will consider the errors in the order stated.

### I.

Trooper Crutchfield of the Missouri State Highway Patrol, the arresting officer, as a Government witness on direct examination when asked to relate his conversation with the appellant, testified:

"He said that the subject driving the Chevrolet was his son, that it was a stolen car, and he said that when I did observe them side by side on the road there, when they were following me, he admitted that he had told his son to ditch the car, that it was hot, and he admitted to his past record, because of his being booked in, we needed sufficient information—"

Appellant's trial counsel interrupted, stating, "Just a moment." Whereupon the trial court stated, "That will be sustained, be stricken, the jury will disregard it." The portion of the above testimony objected to was that reading: "he admitted to his past record." Appellant's counsel moved for a mistrial upon the basis that such statement was prejudicial and deprived him of a fair trial. The court excused the jury and interrogated the witness. The witness stated that this was his first appearance

in federal court and that he did not know the testimony was incompetent. The court made a remark to the effect the statement was made "unthoughtedly". The record does not compel a conclusion that the criticized statement was knowingly injected into the record by the prosecution.

The court overruled the motion for a mistrial, recalled the jury, and stated:

"The testimony of the witness, other than what the witness stated about what Oral Evenson said to him about the car pulling up to the side, and what he said purporting to be his son, can remain, but the rest of the testimony with respect to what he told this trooper will be stricken and the jury will disregard it."

No request for any further instruction upon this subject matter was made.

This court has uniformly applied the prejudicial error rule to the mistrial situation here presented. Davis v. United States, 8 Cir., 229 F.2d 181, 186–187; Berra v. United States, 8 Cir., 221 F.2d 590, 595–596. We found in each of the aforesaid cases that prejudicial error was not established.

Appellant places considerable reliance upon United States v. James, 2 Cir., 208 F.2d 124. The James case is distinguishable in a number of respects. In Berra we declined to follow the James case to the extent that it may be inconsistent with the rule applied in Berra. We adhere to such position.

In Dolan v. United States, 8 Cir., 218 F.2d 454, we dealt with the general rules to be followed in considering motions for mistrials. Upon the basis of supporting authorities, we stated:

"The question whether the admission of evidence which turns out to be inadmissible requires such a drastic remedy as the granting of a mistrial is addressed to the sound discretion of the trial court, which has the feel of the case and is in a far better position than an appellate court to appraise the effect upon the minds of the jurors of the evi-

dence improperly admitted and to determine whether the jury is capable of following the court's instructions to disregard such evidence."

■ The strength of the case made out by the Government is an important factor entitled to consideration in appraising the probable effect of the asserted error. Homan v. United States, 8 Cir., 279 F.2d 767; Davis v. United States, supra.

The Supreme Court in Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 1247–1248, 90 L.Ed. 1557, in stating the test for judging prejudicial error, among other things stated:

"If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand * * *. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand."

■ When consideration is given to the strong case made out by the Government, the rather brief, unemphasized reference to appellant's admission of his past record, the prompt and decisive action of the trial court in striking the evidence, and instructing the jury to disregard it, the trial court's appraisal to the effect upon the jury as reflected by his denial of the mistrial motion, and the record as a whole, we feel that we can say with reasonable assurance that the apparently inadvertent reference to appellant's past record did not have any substantial effect upon the jury's verdict.

II.

The witness Crutchfield identified Exhibits 8 to 12, consisting of license plates from various states, blank certificates of title and title applications, blank serial tags and die sets for stamping the same, as items found in appellant's automobile. Objection to such testimony offered for the purpose of laying the foundation for the introduction of the exhibits was made upon the ground that the evidence was irrelevant and immaterial and that it bore on crimes not charged in the indictment. Such objections were overruled. Later and before the exhibits were offered in evidence, it developed that the search was not made at the time of appellant's arrest but sometime later, after he had been lodged in jail. Appellant then proposed to file a motion to suppress as evidence the identified items taken from his car, upon the ground that they were illegally seized. Counsel and the court conferred and the parties agreed that such seized exhibits would not be offered in evidence and they in fact were not offered. Appellant made no motion to strike the testimony identifying the exhibits although the court offered to strike such testimony upon request. No instruction at any time was requested with respect to such evidence.

■■ The Government offered FBI agent Dempsey as a witness and, over appellant's objection that the evidence was incompetent because it disclosed evidence of other crimes, the witness was permitted to relate a statement made to him by appellant that appellant had followed a lead and contacted one Jimmy Monsour in Chicago and arranged with him for the delivery of stolen automobiles at specified places; that he paid Monsour $500, of which $300 was for the car here involved; that he had also purchased blank serial number plates and that he had explained a system of licensing the stolen automobiles, which system was used upon the car described in the indictment. Appellant's admissions relating to the stolen car in the indictment and other similar transactions were inseparably connected. The evidence was clearly relevant on the offense here charged. Evidence otherwise relevant does not become irrelevant because it incidentally tends to establish another offense. Tinkle v. United States, 8 Cir., 254 F.2d 23, 29, 30; Segal v. United States, 8 Cir., 246 F.2d 814, 818; Smith v. United

States, 8 Cir., 236 F.2d 260, 267; Bram v. United States, 8 Cir., 226 F.2d 858, 863.

The trial court stated that any testimony relating to other car deals was limited to the issue of intent. Under the circumstances here, we believe the evidence was also admissible to show intent. See Wiley v. United States, 8 Cir., 257 F.2d 900, 910; Kansas City Star Co. v. United States, 8 Cir., 240 F.2d 643, 650.

We are not persuaded that the court committed any error in this case. We are convinced that in any event appellant suffered no prejudice as a result of the rulings of which he complains. Appellant has had in all respects a fair trial.

The judgment appealed from is affirmed.