Charles E. CRAIG, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17554.

United States Court of Appeals
Eighth Circuit.

Oct. 14, 1964.

Rehearing Denied Nov. 5, 1964.

Jack Holt, Jr., Little Rock, Ark., made argument for appellant and filed brief with John C. Dugan, Little Rock, Ark.

Jeff Davis, Jr., Asst. U. S. Atty., Little Rock, Ark., made argument for appellee and filed brief with Robert D. Smith, Jr., U. S. Atty., Little Rock, Ark.

Before VAN OOSTERHOUT and MEHAFFY, Circuit Judges, and DELEHANT, District Judge.

VAN OOSTERHOUT, Circuit Judge.

Defendant Charles E. Craig appeals from his conviction upon each count of a two count indictment. Count I charges selling and dispensing narcotic drugs in or from a package not having appropriate tax stamp in violation of 26 U.S.C.A. § 4704(a). Count II charges selling the same drugs not in pursuance to a written order on a prescribed form in violation of 26 U.S.C.A. § 4705(a). Defendant was tried to a jury and found guilty on both counts. He was sentenced to five years imprisonment on Count II and two years imprisonment on Count I, said sentences to be served concurrently.

Defendant urges that he is entitled to reversal for the following reasons:

1. The defense of entrapment was established as a matter of law.

2. Prejudicial error in admitting hearsay evidence and other evidence.

3. Refusal to give requested instruction "A".

We deem it unnecessary to set forth the evidence in detail. While defendant's testimony conflicts with that of the Government witnesses in some respects, defendant does not challenge the sufficiency of the evidence to support his conviction upon both counts except with respect to the entrapment issue.

The short answer to defendant's contention that he is entitled to a reversal because he has established entrapment as a matter of law is that defendant did not raise such issue in the trial court. Defendant made no motion for acquittal upon this or any other ground. It is firmly established that the sufficiency of the evidence to support a conviction cannot be urged upon appeal where such issue has not been raised in the trial court. Grant v. United States, 9 Cir., 291 F.2d 746, 748; Middleton v. United States, 4 Cir., 249 F.2d 719, 720; Wayne v. United States, 8 Cir., 138 F.2d 1, 2.

While an appellate court has a right to note plain error under criminal rule 52(b), such right should be exercised only in exceptional cases to avoid a clear miscarriage of justice. We find here no basis for invoking the plain error rule. We have examined the record and are satisfied that a fact issue was presented on the entrapment defense and that such issue was fairly submitted to the jury upon proper instruction to which no exceptions were taken. Under such circumstances, "the jury's verdict of guilty is completely dispositive of the asserted defense." Vinyard v. United States, 8 Cir., 335 F.2d 176, 183.

Defendant's contention that prejudicial errors were committed in the reception of certain evidence from Mr. Burris, the Government informer, is without merit. Burris testified in substance that he had been informed by a Mr. Clift that defendant was in the market for narcotics. This testimony was stricken on defendant's motion as hearsay and the jury was instructed immediately that such testimony should be disregarded. A motion for mistrial was denied. Moreover, defendant's testimony as a witness shows without question that he was in the market for narcotics. It is unlikely that the hearsay evidence which was promptly stricken had any effect upon the jury's verdict.

Defendant also urges that testimony by the informer to the effect that he saw

the defendant take narcotic injections on several occasions was improperly admitted. Most of this testimony was received without objection. Some was brought out by examination by defendant's counsel. This evidence appears to be relevant on the entrapment issue. See Neill v. United States, 8 Cir., 225 F. 2d 174. After some such testimony had been received, defendant's counsel stated that his client was not being tried for taking a shot. The United States Attorney then stated the defense counsel opened the inquiry, whereupon the court stated:

> "Well, he said he took two shots. How he took them, I think is immaterial. The jury understands I am sure. If not, I'll tell them. He is not charged with taking dope. He is charged with selling dope."

The United States Attorney offered a proper instruction limiting the effect of the evidence of other offenses. Defendant objected to the giving of such instruction and requested no limiting instruction.

■ We recently had occasion in Evenson v. United States, 8 Cir., 316 F.2d 94, to collect the pertinent authorities to be applied with respect to determining whether prejudicial error has been committed in the reception of evidence. In that case, we held that when the prejudicial error test laid down in Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed. 1557, was applied, we found no prejudicial error, stating:

> "When consideration is given to the strong case made out by the Government, the rather brief, unemphasized reference to appellant's admission of his past record, the prompt and decisive action of the trial court in striking the evidence, and instructing the jury to disregard it, the trial court's appraisal to the effect upon the jury as reflected by his denial of the mistrial motion, and the record as a whole, we feel that we can say with reasonable assurance

that the apparently inadvertent reference to appellant's past record did not have any substantial effect upon the jury's verdict." 316 F.2d 94, 96.

What we said in Evenson fully applies to the errors here asserted.

Defendant as a witness admitted that he had made a trip from Little Rock, Arkansas, to Greenville and Marks, Mississippi, accompanied by Burris and George Moore, for the purpose of obtaining narcotics by means of doctor's prescription and for the purpose of making the acquaintance of doctors who would issue such prescriptions. Defendant furnished $400 to finance the trip and purchases and the parties were successful in obtaining narcotics by means of prescription. Defendant did not participate in seeing the doctor and obtaining the prescription. He admits that he obtained possession of about seventy Dilaudide tablets. Ten of such tablets were involved in the sale charged in the indictment. Defendant sets out his version of the acquisition of possession of the narcotics as follows:

> "I said 'Well, let me hold that stuff that you got there for security. I ain't got no money, no medicine, no nothing. I better have something'. He said 'Well, I'll let you hold this dilaudide here, I've got a man who wants this other'—I can't think of the name of him, anyway he said he had a man that wanted that, he said he would let me hold the dilaudide, so I had it."

Upon the basis of such testimony, defendant requested instruction "A" which in substance was designed to advise the jury that if defendant was holding the narcotics for another person and subsequently returned the narcotics to such person, he was not guilty of the offenses charged.

The indictment charges the defendant with unlawful sale to Snokhous. The court properly charged the jury with respect to the offenses charged. If, as defendant contends, the informer or Moore had some title or interest in the narcotics

in the defendant's possession which defendant sold to Snokhous, such would not constitute a defense to the charges here made. The court properly refused to give the instruction.

Graham v. United States, 6 Cir., 257 F.2d 724, is of no aid to the defendant. Said case is distinguishable in many respects. Among other things, the defendant there contended that he had no knowledge of the contents of the package left with him for safekeeping. The charge there was based on possession, not on sale as here.

We have fully considered all errors urged by the defendant. Our examination of the record convinces us that no prejudicial errors were committed by the trial court and that the defendant has had a fair trial.

The judgment appealed from is affirmed.