**Robert G. COX, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18039.**

United States Court of Appeals
Eighth Circuit.

Oct. 8, 1965.

Robert G. Cox, pro se.

F. Russell Millin, U. S. Atty. and John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT and MEHAFFY, Circuit Judges, and VAN PELT, District Judge.

PER CURIAM.

This is an appeal by Robert G. Cox, hereinafter called defendant, from final order denying his 28 U.S.C.A. § 2255 motion filed May 6, 1965, without an evidentiary hearing upon the basis that the files and records show defendant is entitled to no relief.

The basic issues raised by defendant on this appeal may be thus summarized: (1) Defendant's arrest was illegal. (2) An illegal search and seizure was made at defendant's home and seized items were used as evidence against him at his trial. (3) The court erred in refusing to order the return to the defendant of the seized personal property. (4) The court erred in refusing defendant the right to face his accusers.

Before discussing the issues raised, we will briefly set out the history of this litigation. Defendant Cox was charged by grand jury indictment with receiving stolen goods valued at more than $5,000 which were part of an interstate shipment, in violation of 18 U.S.C.A. § 2314, and in another count, defendant was charged with conspiracy with others to commit such offense. Upon trial to a jury, he was convicted and sentenced to ten years on the charge first named and to five years on the conspiracy count, the sentences to run concurrently. His conviction was affirmed upon appeal. Cox v. United States, 8 Cir., 284 F.2d 704. Certiorari was denied. 365 U.S. 863, 81 S.Ct. 831, 5 L.Ed.2d 825. Defendant was represented at his trial and upon appeal by employed counsel.

Defendant previously has filed a § 2255 motion raising grounds other than those here urged. Such motion was denied. We affirmed. Cox v. United States, 8 Cir., 309 F.2d 614. Our previous opinions set out in considerable detail the background of this litigation and detailed repetition here would serve no purpose.

The legality of defendant's initial arrest has no bearing upon the validity of his conviction. Subsequent to the arrest, defendant was indicted, arraigned, pleaded not guilty, and was tried to a jury. No question was raised as to the validity of the arrest at such trial.

■ Complaint of illegal arrest is not a proper matter to be considered on a § 2255 motion. Such issue can only be properly presented and determined at the trial resulting in the conviction or upon direct appeal from such conviction. Warren v. United States, 8 Cir., 311 F.2d 673, 675; Washington v. United States, 8 Cir., 292 F.2d 452, 453.

■ Likewise, the illegal search and seizure issue cannot be considered on a § 2255 motion where, as here, the circumstances of the search and seizure were fully known to the defendant at the time of his trial resulting in his conviction. In Springer v. United States, 8 Cir., 340 F.2d 950, 951, we said:

"It is abundantly clear that at the time of the introduction of the claimed tainted evidence Springer was fully aware of the manner in which the records were obtained, however, Springer and the other convicted offenders failed to raise the illegal search and seizure issue in their appeal from the judgment of conviction. This leads us to once again observe that a § 2255 proceeding does not serve the office of an appeal. Butler v. United States, 340 F.2d 63 (8 Cir. 1965) and cases there cited; Glouser v. United States, 296 F.2d 853, 856 (8 Cir. 1961). And it is settled that the question whether evidence was seized illegally ordinarily may not be successfully raised in a proceeding which constitutes a collateral attack on the sentence, but must be presented in the appeal from the conviction."

See Peters v. United States, 8 Cir., 312 F.2d 481, 482; Warren v. United States, supra.

■ The search here was made pursuant to a search warrant issued by a United States Commissioner. Defendant cannot in this collateral proceeding raise the issue of the validity of the search warrant.

■ Other issues raised by the defendant clearly lack merit and require no detailed discussion. A hearing upon defendant's right to recover possession of property is not within the scope of a § 2255 motion. Section 2255 confers no jurisdiction upon the court to adjudicate such issue.

■ Defendant's confrontation point deals with defendant's desire to question officers with respect to the sworn statements which they made to obtain the arrest warrant and the search warrant. No claim is made that defendant was not confronted at his trial with the witnesses offered to establish his conviction.

The files and records show defendant is not entitled to the relief he seeks. The trial court properly denied the motion without granting an evidentiary hearing.

Affirmed.