**Charles E. CRAIG, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18639.**

United States Court of Appeals Eighth Circuit.

May 2, 1967.

---

J. C. Dugan, North Little Rock, Ark., for appellant.

Robert D. Smith, Jr., U. S. Atty., Little Rock, Ark., and Lindsey J. Fairley, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before MATTHES, MEHAFFY and LAY, Circuit Judges.

PER CURIAM.

This is an appeal by Charles E. Craig, hereafter sometimes called defendant, from an order of the District Court denying his 28 U.S.C.A. § 2255 motion to vacate and set aside the sentences heretofore imposed upon him.

Defendant had been convicted upon two counts of an indictment which charged him with the sale of narcotic drugs from a package not having appropriate stamp tax and for selling drugs not pursuant to written order on prescribed form in violation of 26 U.S.C.A. § 4704(a) and 26 U.S.C.A. § 4705(a).

Defendant appealed and this court affirmed his convictions in Craig v. United States, 337 F.2d 28 (8th Cir. 1964), cert. denied, 380 U.S. 909, 85 S.Ct. 891, 13 L. Ed.2d 796 (1965). The grounds for the collateral attack now before us are based on assertions that (1) his original defense of entrapment should have been sustained as a matter of law and (2) his constitutional rights were violated by reason of an illegal search and seizure which issue was not before this court upon defendant's appeal in Craig v. United States, supra.

The entrapment issue was thoroughly considered by this court in *Craig*, supra, wherein Judge Van Oosterhout observed:

"We have examined the record and are satisfied that a fact issue was presented on the entrapment defense and that such issue was fairly submitted to the jury upon proper instruction to which no exceptions were taken. Under such circumstances, 'the jury's verdict of guilty is completely dispositive of the asserted defense.' Vinyard v. United States, 8 Cir., 335 F.2d 176, 183." 337 F.2d at 29.

At the trial resulting in the convictions, defendant's employed counsel moved to suppress the evidence upon asserted illegality of the search and seizure but abandoned this issue on appeal. Additionally, it is obvious from the original record that the search and seizure were made under circumstances fully known to defendant prior to trial. Such being the case, this issue is not proper for consideration on defendant's § 2255 motion.

We said in Cox v. United States, 351 F. 2d 280, 281 (8th Cir. 1965):

"Likewise, the illegal search and seizure issue cannot be considered on a § 2255 motion where, as here, the circumstances of the search and seizure were fully known to the defendant at the time of his trial resulting in his conviction."

In *Cox*, supra, we quoted from Springer v. United States, 340 F.2d 950, 951 (8th Cir. 1965), and cited Peters v. United States, 312 F.2d 481, 482 (8th Cir. 1963) and Warren v. United States, 311 F.2d 673, 675 (8th Cir. 1963).

The District Court in its order overruling defendant's motion held that § 2255 cannot be used as a substitute for appeal or for the purpose of litigating matters not raised on appeal. On this basis, the District Court held that defendant's present petition was without merit. We agree. The cases above referred to make clear that the conclusion reached by the District Court denying defendant's application for vacation of the sentences was proper.

The judgment is affirmed.